UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUNIFER HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| AMERICAN GREETINGS CORPORATION, | ) | |
| AN OHIO CORPORATION AND | ) | **(1) Copyright Infringement;** |
| HALLMARK CARDS, INC., A MISSOURI | ) | **(2) Contributory Copyright Infringement;** |
| CORPORATION, ET AL, | ) | **(3) Vicarious Copyright Infringement** |
| | ) | **(4) Unfair Business Practices- Competition** |
| Defendants. | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, JUNIFER HALL, by and through its undersigned counsel for and as its Complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action seeking damages for copyright infringement under the Copyright Law of the United States of America (17 U.S.C. Section 101 *et seq.*) and/or *stare decisis* under the Common Law (fair dealings) and/or first impression as set forth in greater detail below, this action involves the unauthorized infringement of the copyrighted unpublished collection of the "Dr. Martin Luther King, Jr. National Holiday Law" AKA "Martin Luther King Day" e-greeting cards, greeting cards, and postcards by Defendants. The e-greeting cards, greeting cards, and postcards have significant value and have been and is being created and developed at considerable time, talent,

1

tenacity, treasure, and expense to the Plaintiff Junifer Hall.

2.    This Court has subject matter jurisdiction under 17 U.S.C. section 101 et seq.; 28 U.S.C. section 1331 (federal question) and 28 U.S.C. section 1338(a)(copyright).

3.    This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of Indiana pursuant to 28 U.S.C. section 1367(a), because these claims are so related to Plaintiff's claims under Federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4.    The Court has personal jurisdiction over Plaintiff Junifer Hall, a legal resident of Gary, Lake County, Indiana.  Both defendants solicit, transact, and are doing business within the State of Indiana by placing their products in the stream of commerce and selling these products to Indiana consumers in such retail venues as Dollar General, Target, Walgreens, Walmart, amongst other retail establishments.  These actions give this Court personal jurisdiction over both Defendants.    Thus, establishing "minimum contacts" with the forum State of Indiana. International Shoe Co. v. Washington, 326 U.S. 310 (1945).

5.    Venue is proper in this Court pursuant to 28 U.S.C. section 1391(c)(1), since a civil action may be brought in the judicial district in which that person is domiciled.

## THE PARTIES

6.    Plaintiff Junifer Hall AKA Junifer Hall,JD,MPA,MBA is the owner of a sole proprietorship named 'Junifer Hall Limited.', which has as its principal place of business 2011 Madison Street, Gary, Lake County, Indiana, 46407.

7.    Plaintiff Junifer Hall is the Founder, Chairman, and CEO of the Katie Hall Educational

2

Foundation, Inc., a 501(c)(3) not for profit organization founded in September 2012, under the laws of the State of Indiana to carry forth the legacy of love and works of her beloved mother, Former U.S. Representative Katie Hall (D-IN), author and sponsor of House of Representatives Bill, H.R. 3706, commonly known as the Dr. Martin Luther King, Jr. National Holiday Law, circa November 2, 1983. The Dr. Martin Luther King, Jr. National Holiday Law was the federal legislation, which established the 'Dr. Martin Luther King, Jr. Holiday', which is celebrated and observed on the third Monday of January each year since 1986. The Honorable Katie Hall was the first African-American elected to serve in the United States Congress from the State of Indiana, having been elected in 1982.

8.    Plaintiff Junifer Hall graduated with an Master of Business Administration degree in 2013, from the School of Business and Economics from Indiana University Northwest with a 3.71 GPA. As part of the course work requirement of Indiana University Northwest, Plaintiff Junifer Hall traveled to Seoul, South Korea and Bangkok, Thailand.

9.    Plaintiff Junifer Hall also holds a Master of Public Affairs (MPA) Degree from Indiana University Northwest in Gary, Indiana.

10.    Plaintiff Junifer Hall is the President of the Andrew Means' 19th-21st and Madison Street Complex Block Club, which comprises the Fifth Park Subdivision Manor in Gary, Indiana.

11.    Plaintiff Junifer Hall is a volunteer and caretaker for the Pets For Life (PFL) Program, Humane Indiana, Munster, where she works with the Trap, Neuter, and Return Initiative to curtail the overpopulation of feral cats and dogs in the City of Gary, Indiana.

12.    Plaintiff Junifer Hall has two (2) felines she rescued in November 2014- Felicia and Oliver, who remain with her until now, in addition, to caring for her 12 year old toy poodle, Mr. Tuxedo.

13.    Plaintiff Junifer Hall is the President of the Van Buren Missionary Baptist Church United

3

Male Chorus Boosters' Ministry, Gary, Indiana.

14.    Plaintiff Junifer Hall studied abroad in the areas of international law and international

business at Downing College, Cambridge, University, Cambridge, England via the University of

Mississippi, Oxford, Mississippi.

15.    Plaintiff Junifer Hall did her international law and international business training in Cairo,

Egypt, Africa.

16.    Plaintiff Junifer Hall had the distinction of graduating from the Howard University

School of Law in Washington, D.C., while  assisting her mother in drafting the initial legislative

language of House of Representatives Bill, H.R. 3706, "The King Bill" (circa 1983).

17.    Plaintiff Junifer Hall is the youngest daughter of The Honorable Katie Hall, who passed

away on February 20, 2012, after a long and distinguished career as an educator; along with a long

and distinguished political career in Washington, D.C.; (Indiana State Representative and Indiana

State Senator), Indianapolis, Indiana, and (Gary City Clerk) Gary, Indiana.

18.    She is also the youngest daughter of her beloved father, Deacon-Attorney John Henry Hall,

Ed.D.,LL.M.  Jacqueline Hall,JD,MPA is the oldest daughter of The Honorable Katie Hall and

Deacon-Attorney John Henry Hall,Ed,D.,LL.M. one of the researchers in this copyright action

against the named Defendants.

19.    Plaintiff has a history of seeking copyright protection for both published and unpublished

collections/works from the United States Copyright Office as outlined in Paragraphs 11 through 14.

20.    Plaintiff Junifer Hall is the exclusive owner of United States copyright number Txu1-860-

852  filed with the United States Copyright Office in Washington, D.C. (Title of Work: The

Selective Writings of Junifer Hall,JD,MPA,MBA: "How A Bill Becomes Law: Congresswoman

Katie Hall and the Making of the Dr. MLK,Jr. National Holiday Law: Published/Copyrighted in 2013). (Please see Plaintiff's Exhibit A: Certificate of Registration Number TXu1-860-852).

21.    Plaintiff Junifer Hall is the exclusive owner of United States copyright number Txu2-005-574 filed with the United States Copyright Office in Washington, D.C. (Title of Work: Former United States Representative Katie Hall (D-IN), Author and Sponsor at the Dr. Martin Luther King, Jr. National Holiday Law (H.R. 3706) Signing Ceremony, The Rose Garden, The White House, Washington, D.C., November 2, 1983: Published in 2015). (Please see Plaintiff's Exhibit B: Certificate of Registration Number TXu2-005-574).

22.    Plaintiff Junifer Hall is the exclusive owner of United States copyright number VAu-1-233-862 574 filed with the United States Copyright Office in Washington, D.C. (Title of Work: Junifer's Postcard History Series: U.S. President Abraham Lincoln; U.S. Representative Katie Hall, author/sponsor of U.S. House of Representatives Bill, H.R. 3706- The Dr. MLK,Jr. National Holiday Law; and other notable historical persons: Published in 2015). (Please see Plaintiff's Exhibit C: Certificate of Registration Number Vau-1-233-863).

23.    Plaintiff Junifer Hall is the exclusive owner of United States copyright number TXu-2-079-130 filed with the United States Copyright Office in Washington, D.C. (Title of Work: Dr. Martin Luther King, Jr. National Holiday (H.R. 3706) Generalized/Specific Themed Manufactured and/or Products/Items Produced In any form to include both commemorative and generalized themed greeting cards, e-greeting cards, postcards, books, calendars, t-shirts...soul food products: Published in 2017). (Please see Plaintiff's Exhibit D1 and D2) : Certificate of Registration Number Txu2-079-130).

24.    The defendant American Greetings Corporation, an Ohio Corporation, does business,

with its corporate headquarters being located in Westlake, Ohio. American Greetings Corporation is privately owned and is the world's largest greeting card producer. American Greetings Corporation, manufactures, markets, distributes, and sells paper greeting cards, electronic greeting cards, and other goods and services across the globe, including the State of Indiana.

25.    The defendant Hallmark Cards, Inc., a Missouri Corporation, does business, with its corporate headquarters being located in Kansas City, Missouri; and is a private and family-owned business, who is the largest manufacturer of greeting cards.

26.    The defendant Hallmark Cards, Inc. employs over 16,000 employees with annual revenues of $4 billion USD. Hallmark Cards, Inc. manufactures, markets, distributes, and sells paper greeting cards, electronic greeting cards, and other goods and services across the globe, including the State of Indiana.

27.    Plaintiff Junifer Hall has a similar humble beginning as The Hall Brothers from Hallmark Cards, Inc., because she is starting her business enterprise with limited financial resources as they did in starting their business now known as Hallmark Cards, Inc. over one hundred (100) years.


## BACKGROUND

28.    The subject matter of the Dr. Martin Luther King, Jr. National Holiday Law (H.R. 3706) AKA as the Dr. Martin Luther King, Jr. Holiday- Dr. Martin Luther King, Jr. was assassinated on April 4, 1968, in Memphis, Tennessee.

29.    In August of 1983, approximately fifteen (15) years later after Dr. King's tragic assassination, Former U.S. Representative Katie Hall of Gary, Indiana successfully authored and sponsored federal legislation (H.R. 3706) in the United States Congress designating the third

Monday in January as a national holiday in honor of the life and works of Dr. Martin Luther King, Jr.'s message of love, non-violence, passive resistence philosophy, and his service to humanity. Dr. King would be remembered in the form of a holiday on or around January 15th, the date of his actual birth in 1929.

30.     On November 2, 1983, U.S. Representative Katie Hall (D-IN) stood with other national and international dignitaries as The Honorable Ronald Reagan, 40th President of the United States of America signs Mrs. Hall's version of "The King Bill" into law federal legislation establishing the Dr. Martin Luther King, Jr. Holiday (Observance) on the third Monday of January.

31.     Dr. Martin Luther King, Jr. is the only African-American in the history of the United States Congress to be honored with a national holiday, "which was a giant step forward for African-Americans, a quantum leap for ALL Americans, for Democracy in America, and Democracy in the world. . . .", according to Deacon-Attorney John Henry Hall, Ed.D.,LL.M.  In addition, the Dr. Martin Luther King, Jr. Holiday Law (H.R. 3706) also known as the Dr. Martin Luther King, Jr. National Holiday Law Observance and/or Martin Luther King, Jr. Holiday can be humbly considered a quantum leap from American slavery to a national holiday for an African-American, because it instills confidence, esteem, pride, and for improving and expanding Democracy at home and abroad.

32.     Plaintiff Junifer Hall in the Spring of 2015, created, developed, and produced a postcard to fill the market void of no known products being exclusively themed and sold in observance of the Dr. Martin Luther King, Jr. Holiday and/or Martin Luther King Holiday in the United States of America and abroad.  The postcard text sought and received U.S. Copyright protection.

33.     Plaintiff Junifer Hall's objective, goal and intent was to create, develop, manufacture, market, distribute, and produce a product(s), which would be highly recognizable as the pumpkin

7

is to Halloween; candy is to Valentine's Day; the bunny rabbit and eggs are to Easter (Resurrection Day); the shamrock is to St. Patrick's Day; Santa Claus is to Christmas; and turkey is to Thanksgiving. Plaintiff Junifer Hall also has copyright protection for Dr. King's favorite soul food items, which Plaintiff Junifer Hall recommend consumers eat on the Dr. Martin Luther King, Jr. Holiday Observance on the third Monday in January. (Please see Exhibit E- Meal Let To New Way To Celebrate MLK Day", **The Times** Newspaper, Monday, January 16, 2017).

34.    In 2015, Plaintiff Junifer Hall and the Katie Hall Educational Foundation, Inc. (Publisher) placed in the United States stream of commerce- an exclusively themed "Dr. Martin Luther King, Jr. Holiday" product(s), which would be distributed, marketed, and sold for the Dr. Martin Luther King, Jr. Holiday preceding the third Monday in January; during the African-American History Month Observance; and until April 4th (the anniversary of Dr. Martin Luther King, Jr.'s tragic assassination).

35.    Plaintiff Junifer Hall further states in relation to the Dr. Martin Luther King Holiday, the African-American History Month Observance Period should be extended from January 15 thru April 4th, another creative innovation that's in development will reflect this point.

36.    As of 2016, the product (postcard) is now being sold or has been sold at the DuSable Museum of African-American History (Chicago, Illinois); campus of Mississippi Valley State University, Itta Bena Mississippi; Beautiful Things, Gary, Indiana; Delta Center for Learning on the campus of Delta State University, Cleveland, Mississippi; and were purchased in substantial quantities by numerous African-American churches in the City of Gary, Indiana, with the main churches purchasing the postcard being my own church of Van Buren Missionary Baptist Church; Trinity Baptist Church; Christ Baptist Church; St. John Baptist Church; Clark Road Baptist Church; Grace Unity Church of

C.O.G.I.C.

37.    The Gary Community School Corporation and Indiana University Northwest Division of Equity, Diversity and Inclusion purchased five (500) hundred of the postcards for distribution for the Dr. Martin Luther King, Jr. National Holiday, which were to be distribute to local Gary school students and University school students.

38.    Plaintiff Junifer Hall in the immediate past conducted discussions with the Walgreens' brand about exclusively themed products created and developed for the "Dr. Martin Luther King, Jr. Holiday Observance" over a course of two (2) years, but negotiations ultimately failed.

39.    In November 2017, Plaintiff Junifer Hall sought copyright protection from the United States Copyright Office by filing the required application form to protect the text of these materials and its use by any and all unauthorized parties. (Please see Exhibit D, supra).

40.    On December 28, 2017, Plaintiff Junifer Hall wrote a Certified Letter (U.S. Certified Mail Number 7014-2120-0004-0647-8600) to Mr. Morry Weiss, the current Chairman of the American Greetings Corporation, explaining her past and current work in creating, developing, and producing an exclusively themed product (postcard) and/or the development of a greeting card designed exclusively for the Dr. Martin Luther King, Jr. Holiday. (Please see Exhibit F- Certified Letter Dated December 28, 2017, to Chairman Morry Weiss, American Greetings Corporation).

41.    Also, among other issues mentioned to Chairman Weiss was the fact that Plaintiff Junifer Hall had sought U.S. Copyright protection according to the federal copyright procedures and rules for a greeting card with 'an exclusive theme being the Dr. Martin Luther King, Jr. National Holiday'. (Please see Exhibit E: Junifer Hall's Letter To Chairman Morry Weiss, American Greetings Corporation. (Please see Exhibit F, supra.).

42.    Plaintiff Junifer Hall's intent in contacting Chairman Weiss was to determine if American Greeting Cards Corporation was interested in primarily purchasing the rights of her copyright text and materials, along with her idea as explained above.

43.    Subsequently, Plaintiff Junifer Hall received two (2) communications from American Greetings Corporation in response to her initial December 28, 2018, communications, whereby, if American Greetings Corporation did not provide an interest in the proposed postcards, e-cards, and greeting cards after a period of thirty days from the date of their letter- they were not interested. (Please see Group Exhibit G- Letters Plaintiff Junifer Hall received from Idea Submission Team on behalf of American Greetings Corporation.

44.    Contrarily, Plaintiff Junifer Hall contacted via a Letter sent by Certificate of Mailing to Chairman Donald J. Hall, Sr., Hallmark Cards, Inc. on February 15, 2018, whereby she discussed the creation and development of both an exclusive themed greeting card and/or postcard to be marketed and distributed for the Dr. Martin Luther King, Jr. Holiday Observance to be held on the third Monday in January 2019, and beyond. (Please see Exhibit H- Plaintiff Junifer Hall's Letter to Hallmark Cards, Chairman Donald J. Hall, Sr. dated February 15, 2018).

45.    In little more than a week, Plaintiff Junifer Hall received a letter from Defendant Hallmark Cards, Inc. dated February 24, 2018, in which Hallmark Cards, Inc. informed Plaintiff Junifer Hall that their company 'does not accept submissions or creative suggestions...or other Information'. The letter as identified above further stated to Plaintiff Junifer Hall's horror, and I paraphrase that her creative product (suggestion) shall be deemed and shall remain the property of Hallmark Cards, Inc. (Please see Exhibit I- Hallmark Cards, Inc. written response mailed to Plaintiff Junifer Hall dated February 24, 2018).

46.   On Monday, April 23, 2018, Plaintiff Junifer Hall became aware of both Defendant(s) American Greetings Corporation  and Hallmark Cards, Inc. unauthorized use of Plaintiff Junifer Hall's copyright text materials and/or unpublished collection in violation of the federal copyright laws of the United States of America by creating, developing, manufacturing, and producing e-cards, greeting cards, and postcards in observance of the upcoming Dr. Martin Luther King, Jr. National Holiday, scheduled for Monday,  January 21, 2019. (Please see Group Exhibit J- Internet website advertisements of both American Greetings Corporation and Hallmark Cards, Inc.).

47.   Despite being noticed by Plaintiff Junifer Hall of her U.S. Copyright protection in the form of a written letter mailed on two (2) distinct occasions, both Defendants manufactured and are currently marketing, with the obvious goal of selling exclusively themed materials in the form of e-greeting cards, greeting cards, and postcards to consumers around the world or wherever their websites are viewed on the Internet and/or possibly in retail outlets across America and around the globe, without any reasonable, professional correspondence, and/or other written communication with the Plaintiff Junifer Hall.

48.   Plaintiff Junifer Hall further alleges she is personally and professionally saddened that both Defendants American Greetings Corporation and Hallmark Cards, Inc. have jeopardized the longstanding goodwill and reputations of their brands by arbitrarily, capriciously, knowingly, and willfully violating the copyright laws of the United States of America, which is unconscionable, Weaver v. American Oil, 276 N.E.2d 144 (1971; and  infringed upon the rights of a small creator and distributor of products exclusively, which are owned by the copyright holder, Plaintiff Junifer Hall.

49.   Plaintiff Junifer Hall alleges her copyright protection has been infringed upon, due to both

11

Defendants greed, and their desire to seek financial gain and future anticipated forecasted profits and revenues from the sale of exclusively themed products in light of the upcoming Dr. Martin Luther King, Jr. National Holiday on Monday, January 21, 2019, and beyond, whereby these companies are amassing potentially sums against a very small entrepreneur.

50.    In essence, Plaintiff Junifer Hall says she appreciates and recognizes both Defendants' efforts and willingness to honor the life, legacy, and work of Dr. Martin Luther King, Jr. on the third Monday in January in relation to the Dr. Martin Luther King, Jr. Holiday Observance; however, Plaintiff Junifer Hall believes that this will be a "win-win" for all parties acting in good faith in terms of increased earnings, profits, and revenue, where her exclusive ownership rights are not infringed upon by the Defendants' corporations.

51.    Plaintiff Junifer Hall alleges and repeats for emphasis and clarity, many years (35 years) had passed since the first official observance of the Dr. Martin Luther King, Jr. National Holiday Law, which was signed into federal law on November 2, 1983, which established the third Monday in January as a national holiday before both and/or either Defendants designed products that are now marketed on the Internet for said Holiday. It is quite ironic that both and/or either Defendants placed items for purchase on the Internet after Plaintiff Junifer Hall's initial correspondences.

52.    Plaintiff Junifer Hall admits both and/or either Defendants listened to her when she stated in written correspondences she "was disappointed, frustrated and upset there were no greeting cards and postcards, and on their respective display shelves". Although, it was not mentioned in her correspondence to the Defendants, Plaintiff Junifer Hall did not see any products manufactured and distributed on the Internet, that were produced by both and/or either Defendant on the Internet.

53.    The Plaintiff Junifer Hall further states that even though the Defendant's listened- that was

not adequate consideration, i.e., reasonable and shared profits according to legal relevant statutes and applicable laws.

### FIRST CAUSE OF ACTION

(Copyright Infringement- 17 U.S.C. Section 501)

Plaintiff Junifer Hall Alleges That She Owns A Federally Registered Copyright In An Unpublished Collection Of Various Creative Works

54.    At all times relevant, Plaintiff Junifer Hall alleges she has been the holder of the pertinent unpublished collection infringed upon by Defendants, as alleged hereunder, to specifically include the copyrighted e-greeting cards and greeting cards, with initial drawings being executed in the development process. The postcards are currently developed and are available for retail sale in the stream of commerce. The copyrighted e-greeting cards, greeting cards, postcards, etc. are the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights. (Plaintiff Junifer Hall's Exhibit D- supra). According to the Registrar of Copyrights- the basis of the registration is for an unpublished collection.

55.    In communication(s) on separate dates to both Defendants American Greetings Corporation and Hallmark Cards, Inc.- Plaintiff Junifer Hall informed them of the fact that copyright protection was sought (pending) for the creation, development, distribution, marketing, and sell, of e-greeting cards, greeting cards, and postcards amongst other exclusively themed items (products) related to the observance of the "Dr. Martin Luther King, Jr. Holiday" as authored and sponsored by her dearly beloved Mother and my beloved "Sweetie-Pie" Wife, U.S. Representative Katie Hall (D-IN), circa 1983.

13

56.    Plaintiff Junifer Hall did not see any tangible evidence of any exclusively themed and/or manufactured e-greeting card, greeting card, postcard, or any other exclusively themed product in whatever form until after Plaintiff Junifer Hall submitted written communications to both Defendants explaining to them that am exclusively themed product was in the process of being developed for the Dr. Martin Luther King, Jr. Holiday.

57.    Plaintiff Junifer Hall continues to state her allegations, in the thirty-five (35) years since the Dr. Martin Luther King, Jr. Holiday was signed into federal law in 1983, with the first official observance being in 1986, there has not been an exclusively themed product manufactured by an American company for the 'Dr. Martin Luther King, Jr. Holiday'.

58.    Furthermore, Plaintiff Junifer Hall provided notice to both Defendants American Greetings Corporation, LL.C. and Hallmark Cards, Inc. of her intent to create, develop, distribute, market, and sell the subject(s) of the infringed copyright in her initial correspondence to the corporate offices of both named Defendants. Plaintiff Junifer Hall was highly disturbed at the neglectful business attitudes of these and other major multinational conglomerates for failing to address the needs of African-American consumer's purchasing power in relation to the "Dr. Martin Luther King, Jr. Holiday".

59.    Plaintiff Junifer Hall sought the protection of the copyright laws of the United States for products created and developed, especially the postcard to fulfill a void in the current American stream of commerce in relation to the "Dr. Martin Luther King, Jr. Holiday" Observance- a national holiday, which is celebrated by millions of Americans, and in more than 100 countries around the world according to The King Center, in Atlanta, Georgia.

60.    Each Defendant, without the permission or consent of the Plaintiff Junifer Hall, has used, and

14

continues to use, the Internet and other means of marketing channels to distribute, solicit customers, and sell to the general public, the copyrighted and unpublished collection exclusively owned by Plaintiff Junifer Hall. Moreover, Plaintiff applied for copyright protection for her creative works prior to and throughout their development, and subsequent to placement on the American and world retail markets.

61.     For each of the specific products listed in the unpublished collection at issue in this matter, Plaintiff holds a copyright Registration Certificate from the United States Copyright Office, protecting the unpublished collection in its entirety as opposed to an idea..

62.     Plaintiff Junifer Hall acknowledges pursuant to the U.S. copyright laws- ideas are not afforded copyright protection. 17 U.S.C. Section 102(b). The Plaintiff Junifer Hall in this Complaint does not seek copyright protection for the idea itself. Therefore, Plaintiff Junifer Hall sought copyright protection for the development of tangible products as identified in her U.S. copyright Certificate.

63.     Plaintiff Junifer Hall did not authorize in any form for both and/or either Defendant to use any of her tangible works in whatever form.

64.     In April 2016, Plaintiff Junifer Hall showed in person a sketch of one of the items contained in her unpublished collection to Rev.-Dr. Bernice A. King, CEO, The King Center, Atlanta, Georgia for her observation during the "Down Home Dinner" held at the residence of Attorney John Henry Hall, Ed.D.,LL.M., 1937 Madison Street, Gary, Indiana 46407. Moreover, the Plaintiff Junifer Hall discussed with Dr. King the association of Dr. Martin Luther King, Jr.'s favorite soul food dishes, which Plaintiff Junifer Hall included in her unpublished collection, which sought copyright protection.

Both Defendants Willfully Infringed Plaintiff Junifer Hall's Copyrighted Unpublished Collection

65.    Both and/or either Defendant knew or should of known the infringed work(s) belonged to Plaintiff Junifer Hall and they did not have permission to exploit for their own financial gain Junifer Hall's tangible work(s) listed in the Copyright Certificate Title.

66.    Both and/or either Defendant knew or should have known their acts constituted copyright infringement.

67.    Both and/or either Defendant's conduct was willful within the meaning of the Copyright Act.

68.    As a result of both Defendants' wrongful conduct, the named Defendants are liable to Plaintiff Junifer Hall for copyright infringement pursuant to 17 U.S.C. Section 501. Plaintiff Junifer Hall has suffered, and will continue to suffer substantial financial losses and profits, including, but not limited to damage to her business reputation, goodwill, and future earnings/income.

69.    Plaintiff Junifer Hall is entitled to recover damages, which are not limited to losses and any and all profits from both Defendants have currently made as a result of its wrongful conduct. 17 U.S.C. Section 504. Alternatively, Plaintiff Junifer Hall is entitled to statutory damages under 17 U.S.C. Section 504©.

70.    Additionally, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. Section 504(c)(2). There was legal expenses and extensive research incurred in preparing Plaintiff's complaint.

71.    Plaintiff Junifer Hall is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. Section 505.

72.    Plaintiff Junifer Hall is also seeking from both and/or either Defendants forecasted profits

16

and actual revenues derived from the copyright infringement throughout the entire duration of the life of the Copyright Registration, and after renewal of said Copyright Registration with the U.S. Copyright Office, where permissible according to federal copyright law.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

73.    Plaintiff Junifer Hall repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 72, inclusive.

74.    Plaintiff Junifer Hall asserts numerous individuals, especially the artists, designers, writers, editors, and other people that provide most, if not all, of the creative team in the employ of both and/or either named Defendants directly and/or indirectly infringed Plaintiff Junifer Hall's copyrighted unpublished collection.

75.    Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to create, develop, market, reproduce, distribute, and sell Plaintiff's unpublished collection (copyrighted works).

76.    Defendants' agents and/or employees had knowledge of the infringing acts relating to Plaintiff Junifer Hall's unpublished collection (copyrighted works).

77.    The acts and misconduct of both and/or either Defendants, as alleged above in the Complaint constitute copyright infringement.

## THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement)

17

78.    Plaintiff Junifer Hall repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 77 inclusive.

79.    Both Defendants and/or either Defendant directly infringed Plaintiff Junifer Hall's unpublished collection (copyrighted works).

80.    Both Defendants and/or either Defendant had the right and ability to control the infringing acts of the individuals who directly infringed Plaintiff Junifer Hall's unpublished collection as defined by the U.S. Copyright Office.

81.    Both Defendants and/or either Defendant obtained a direct financial benefit from the infringing activities of the individuals or entities, who directly infringed Plaintiff's unpublished collection as defined by the U.S. Copyright Office.

82.    The acts and conduct of both Defendants and/or either Defendant, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION

(Unfair Advantage, Unfair Business Dealings, Unjust Enrichment, And Conversion Allegedly Committed By The Defendants In Infringing Upon Plaintiff Junifer Hall's Exclusive Ownership In The Unpublished Collection For Which A U.S. Copyright Certificate Was Issued)

83.    Plaintiff Junifer Hall repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 82, inclusive.

84.    Plaintiff Junifer Hall alleges that both and/or either named Defendant in this cause unfairly took advantage of and used unfair business practices against the Plaintiff Junifer Hall in light of their dominant status in the retail greeting card business segment in America and around the world, by infringing on Plaintiff Junifer Hall's unpublished collection registered with the U.S.

18

Copyright Office.

85.     Plaintiff Junifer Hall alleges she is adamantly concerned in creating and developing

unpublished collections and copyrighting said works, because she would like to perpetuate for

posterity the historical and unprecedented legacy of her Mother, The Honorable Katie Hall, whose

work in authoring and sponsoring H.R. 3706, the Dr. Martin Luther King, Jr. affects the lives of

millions of people in America, and in more than 100 countries around the world in some form via

the Martin Luther King Holiday.

86.     Plaintiff Junifer Hall continues to allege and say that her dearly beloved Mother, The

Honorable Katie Hall worked tirelessly to creatively write federal legislation to remember the life

and work of Dr. Martin Luther King, Jr. in the form of a national holiday as explained to both

Defendants in initial correspondences as attached, supra.

87.     Plaintiff Junifer Hall alleges that both and/or either named Defendant in this cause are

seeking to unjustly enrich their earnings, profits, and/or revenues at the expense of a very small

entrepreneur by violating the copyright laws of the United States of America in relationship to her

unpublished collection.  Plaintiff Junifer Hall realizes that this is a "David vs. Goliath" scenario.

88.     Plaintiff Junifer Hall alleges that both and/or either named Defendant in this cause are

acting in bad faith and are employing unscrupulous business tactics by violating her exclusive

ownership rights in the unpublished collection as referenced for which the Plaintiff Junifer Hall has

applied for and received a U.S. Copyright Certificate of Registration.

89.     Continuously, Plaintiff Junifer Hall alleges that both and/or either named Defendant in this

cause are blatantly,  unconscionably, and directly seeking to control and own Plaintiff Junifer Hall's

exclusive ownership rights in the unpublished collection by responding in written communications

19

that "Hallmark owns any unsolicited property sent to their attention". (Letter received from Hallmark dated February 24, 2018- supra). Plaintiff Junifer Hall alleges that this language and statement contradicts the exclusive ownership rights of individuals, who have applied for and received a Certificate of Copyright as issued by the U.S. Copyright Office.

90.    Likewise, Plaintiff Junifer Hall alleges that both and/or either named Defendant in this cause are indirectly attempting to circumvent the copyright laws of the United States and the common law principle of *stare decisis* and/or precedent and/or a first impression case in relation to the Dr. Martin Luther King Holiday.

91.    Plaintiff Junifer Hall alleges unlike both and/or either named Defendants, she is not primarily concerned with a direct profit motive in financially exploiting the 'Dr. Martin Luther King Day' observance.

92.    On March 24, 2018, Plaintiff Junifer Hall in her role as Founder, Chairman and CEO of the Katie Hall Educational Foundation, Inc. co-sponsored along with the Human Relations Commission of the City of Gary, Indiana, "A Remembrance Tribute: Dr. Martin Luther King, Jr. Fifty Years Later: April 4, 1968-April 4, 2018. This event was held in remembrance of the 50th anniversary of the assassination of Dr. Martin Luther King, Jr. was free and open to the General Public. This event held at First Baptist Church in Gary, Indiana as a Community Service Project not profit motive driven. (Please see Exhibit K- Official Program for Dr. Martin Luther King, Jr.

93.    Plaintiff Junifer Hall says several years ago, in her role as Founder, Chairman and CEO of the Katie Hall Educational Foundation, Inc. and the Foundation itself exclusively sponsored the "Dr. Martin Luther King, Jr. National Holiday Law at 30" Ecumenical Service: Thirty Years of Service To Our World Community", held on Saturday, November 2, 1983-November 2, 2013. This

20

Ecumenical Service was held at the First African Methodist Episcopal (AME) Church in Gary, Indiana.

94.    Again, Plaintiff Junifer Hall states this event was free and open to the General Public as a Community Service Project and not based on a profit driven motive factor. (See Exhibit L- Official Program of '"Dr. Martin Luther King, Jr. National Holiday Law at 30" Ecumenical Service).

95.    Plaintiff Junifer Hall also alleges in copyrighting her unpublished collection, she was attempting to perform not only community service, but to develop products for the 'Dr. Martin Luther King, Jr. National Holiday', that would advance African-Americans in a more positive light throughout the country and world, just as the Founders of the National Association for the Advancement of Colored People (NAACP)- Dr. W.E.B. DuBois and Mrs. Mary White Ovington.

96.    Plaintiff Junifer Hall further asserts that the unfair business tactics alluded to supra, severely limits the financial success of minority-owned businesses in general.

97.    Plaintiff Junifer Hall further in congruence with Attorney Juan R. Thomas, 75th President of the National Bar Association, Washington, D.C., an organization with over 65,000 African-American judges, lawyers, law students, and others that  these type of business practices have a strong correlation and a major long historical effect from the inception of America on the efforts of African-American entrepreneurs to "pass down generational wealth and posterity".

98.    Plaintiff Junifer alleges the type of unfair and unjust business practices as discussed above in relation to the Martin Luther King Holiday is similar to the use of  Mr. Garrett Morgan's creative development of the gas mask and traffic signal that included a third traffic signal, and is used heavily throughout the United States of America and the world today, along with Henrietta Lacks, "Hela" Cells, that are used by medical research to help humankind, including  many other creative  and

innovative developed products. (Source: National Bar Association President Juan R. Thomas'
Speech, 6th Annual Katie Hall Public Service Award's Luncheon, Saturday, April 7, 2018, Genesis
Convention Center, Gary, Indiana) (Please see Exhibit "M"- Official Program).

99.    Plaintiff Junifer Hall alleges and says that Mr. Garrett Morgan, himself during his lifetime
did not reap any and/or very minimal benefits as a result of his creative development from this very
practical and useful products, which help people of all races, creeds, religions, and origins
throughout the world today; and no financial benefits are being afforded to Mr. Morgan's
descendants as well as Mrs. Henrietta Lack's "Hela Cells", which are also being used throughout
the world today.

100.    Plaintiff Junifer Hall firmly alleges and asserts very strongly that her creative unpublished
collection can and will suffer the same fate of these individuals (Morgan and Lack), as well as many
other African-American creative inventors, unless she takes forceful landmark legal action
immediately in the form of Copyright Infringement  pursuant to the U.S. Copyright laws, other
applicable statutes, and the common law, which may also, be a first impression case as it relates to
the Dr. Martin Luther King Holiday greeting cards and other copyrighted merchandise (both
unpublished and published).

## JURY DEMAND

101.    Plaintiff Junifer Hall does hereby demand a jury trial in this case.

## PRAYER

**WHEREFORE**, Plaintiff Junifer Hall respectfully requests judgement as follows:

(1) That the Court enter a judgment against Defendants American Greetings Corporation, LL.C. and Hallmark Cards, Inc. that they have:

a.  willfully infringed Plaintiff Junifer Hall's rights in federally registered copyrights under 17 U.S.C. Section 501.

b.  otherwise injured the business reputation and business of Plaintiff Junifer Hall by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court order Defendants to pay Plaintiff Junifer Hall's general, special, actual and statutory damages as follows:

a.  Plaintiff Junifer Hall's damages and Defendant's profits pursuant to 17 U.S.C. Section 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. Section 504(c)(2), for Defendants' wilful infringement of Plaintiff Junifer Hall's copyright(s); and

b.  Plaintiff Junifer Hall's damages and profits both now and in the future based on forecast analysis and/or other business models, or in the alternative statutory damages pursuant to Indiana law.

(3) That the Court order both Defendants to pay punitive damages pursuant to Indiana Law.

(4) That the Court order both Defendants to pay Plaintiff Junifer Hall's costs of this action and the reasonable attorney's fees incurred by her in prosecuting this action pursuant to 17 U.S.C. Section 504 and the relevant and/or pertinent Indiana Codes.

(5) That the Court grant to Plaintiff Junifer Hall such other and additional relief as is just and proper.

Dated: 28 April 2018

Respectfully and humbly submitted,

/s/ John Henry Hall,Ed.D.,LL.M., #8328-45
Law Office of Attorney John Henry Hall,Ed.D.,LL.M.
1937 Madison Street
Gary, Indiana 46407
Tel: (219) 883-7711 (Office)
Tel: (219) 688-7711 (Cell)
E-mail: halleglsvc@aol.com